**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

|  |  |  |
|---|---|---|
| GLOBAL SAFETY MANAGEMENT, LLC | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Civil Action No. _____** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| GLOBAL SAFETY MANAGEMENT, INC | § | |
| *Defendant.* | § | |
| | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT OF TRADEMARK RIGHTS**

Global Safety Management, L.L.C. ("Plaintiff"), who submits this verified Complaint for Declaratory Judgment against Global Safety Management, Inc. ("Defendant"), and who, with full reservation of all rights, causes of action, claims, defenses and objections, asserts as follows:

**PARTIES**

1.     Plaintiff is a Louisiana limited liability company with its principal place of business located at 230 Jared Drive, Broussard, Louisiana 70518 in Lafayette Parish, Louisiana.


2.     Defendant, upon information and belief, is a Nevada corporation with its principal place of business located at 29144 Chapel Park Drive, Wesley Chapel, Florida 33543.


**JURISDICTION AND VENUE**

3.     This action for Declaratory Judgment seeks a declaration that Plaintiff has not infringed upon any valid trademark owned or under application by the Defendant including, but not limited to, the mark "Global Safety Management" (the "Mark").

4.     This Court has jurisdiction over this civil action for Declaratory Judgment of Non-Infringement of Trademark Rights pursuant to the declaratory judgment statutes, 28 USC §§1331, 1338(a), 2201 and 2202, and the Lanham Act, 15 USC §1125(a) and (c), the federal law regulating trademarks, unfair competition and unfair trade practices.

5.     This Court also has supplemental jurisdiction under 28 USC §1367 of state law claims under Louisiana trademark law La. R.S. 51:211, *et seq.* and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, et seq.

6.     Venue is proper in this Court pursuant to 28 USC §1391.

7.     This action is based on an immediate and actual controversy between the parties, as Defendant expressly alleges that Plaintiff has infringed the Mark, which Plaintiff denies. Defendant has made demand on Plaintiff's Chief Executive Officer and legal counsel, Dale Martin, asserting that Plaintiff is infringing Defendant's intellectual property rights including, without limitation, the Mark.  A true and correct copy of Defendant's initial demand on Plaintiff is attached hereto as Exhibit "A"; Defendant has also followed up with other demands on Plaintiff.

## COUNT I

### Declaration of Non-Infringement of Trademark

8.      Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if specifically pled herein.


9.      Plaintiff provides occupational health, safety, and human resource consultation services in Lafayette, Louisiana.


10.     Upon information and belief, Defendant offers regulatory compliance products and related services.


11.     Upon information and belief, Defendant does not provide its goods and services in the same geographic area(s) as Plaintiff.


12.     Upon further information and belief, the products and services provided by Plaintiff are fundamentally distinguishable from the products and services provided by Defendant.


13.     Plaintiff denies that it is infringing the Mark, and seeks a declaration of such non-infringement.

## COUNT II

### Declaration of Non-Protectable Trademark

14.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if specifically pled herein.

15.     Plaintiff avers that the Mark is generic or merely descriptive and, therefore, not entitled to protection under applicable law.

16.     Plaintiff denies that the Mark is entitled to protection under applicable law, and seeks a declaration to acknowledging same.

## CONCLUSION

17.     Based on the foregoing, a present and actual case in controversy exists between the Plaintiff and Defendant.

18.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's use of its name Global Safety Management and the operation of a URL domain name www.globalsafetymgmt.com do not constitute trademark infringement.

19.     Plaintiff further seeks a declaration that the Mark is not legally protectable under applicable law.

20.     Plaintiffs file this Complaint for Declaratory Judgment with full reservation of all rights, claims, causes of action, demands, defenses and objections of Plaintiff.


WHEREFORE, premises considered, Plaintiff prays that this Complaint for Declaratory Judgment be deemed sufficient and that after due proceedings, a declaratory judgment be issued and entered by this Honorable Court providing and declaring as follows:

1.     Plaintiff's use of the name Global Safety Management, or any substantially similar mark, does not infringe any valid existing trademark rights of Defendant and is not a violation of applicable law including, without limitation, Section 43(d) of the Lanham Act;

2.     Plaintiff's use of the URL domain name www.globalsafetymgmt.com, or any substantially similar URL domain name, does not infringe any valid existing trademark rights of Defendant and is not a violation of applicable law including, without limitation, Section 43(d) of the Lanham Act; and

3.     The Mark is not entitled to protection under applicable law.


Global Safety Management, L.L.C. prays that the declaratory judgment be rendered and entered in its favor and against Global Safety Management, Inc. as set forth above and herein. Global Safety Management, L.L.C. further prays for any and all costs and attorney's fees, any other available relief as may be provided by law, and other such relief as the Court deems just and appropriate.

Respectfully submitted,

BABINEAUX, POCHÉ, ANTHONY
   & SLAVICH, L.L.C.

BY: _____

TED M. ANTHONY (LA #21446) T.A.
JENNIFER M. ARDOIN (LA #30378)
P.O. Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503

ATTORNEYS FOR GLOBAL SAFETY
MANAGEMENT, L.L.C.