UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

GLOBAL SAFETY MANAGEMENT, LLC.   CIVIL ACTION NO. 6:14-2194

VERSUS                                                         JUDGE DOHERTY

GLOBAL SAFETY MANAGEMENT, INC.   MAGISTRATE JUDGE HANNA

REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss or to Set Aside Default filed by Global Safety Management, Inc. ("GSMI"). [rec. doc. 18]. The Motion was considered with oral argument on February 29, 2016 and the Motion was taken under advisement. For the reasons set out below, **IT IS RECOMMENDED** that the Motion to Set Aside Default should be **GRANTED. IT IS FURTHER RECOMMENDED** that the Motion to Dismiss should be **DENIED**, and accordingly, that GSMI be ordered to file an answer or responsive pleadings to this lawsuit within two weeks of the Court's adoption of this Report and Recommendation.

BACKGROUND

Before the Court is a declaratory judgment action filed by Global Safety Management, LLC ("GSML") against GSMI. By this action, GSML seeks a declaration of non-infringement of trademark rights owned by GSMI.

Prior to filing suit, on April 30, 2014, GSMI, represented by Jeffrey Sladkus of The Sladkus Law Group of Atlanta, Georgia, sent a cease and desist letter to Global Safety Management, LLC ("GSML").  General Counsel for GSML, Dale Martin, Sr., responded to the letter on May 8, 2014 stating that special counsel would be engaged.

GSML, represented by Ted M. Anthony, filed the instant declaratory judgment action on June 26, 2014.  A copy of the Complaint was sent to Jeffrey Sladkus contemporaneous with filing. Under Rule 4(m), FRCP, the deadline for effecting service was October 24, 2014.

On July 1, 2014, Mr. Anthony participated in a telephone call with "counsel for Defendant", presumably Mr. Sladkus.  Potential settlement was discussed. Continued efforts at early resolution by Mr. Anthony were not successful.

Three months later, on October 1, 2014, Mr. Anthony sent a waiver of service of process to GSMI's alleged registered agent for service of process.  That waiver was received the next day, on October 2, 2014 by C. Sherpan, the front desk receptionist at 29144 Chapel Park Drive, Wesley Chapel, Florida. However, the waiver was not returned and Mr. Anthony was no longer aware of who would be representing counsel for GSMI.

On January 26, 2015, summons was issued to GSMI.  The summons and Complaint were served on GSMI via Julie MacGreggor at  29144 Chapel Park Drive, Wesley Chapel, Florida on January 30, 2015.

On February 17, 2015, R. Bennett Ford, Jr. of Roy Kiesel, Ford, Doody & Thurmon in Baton Rouge, Louisiana, emailed Mr. Anthony requesting a thirty day extension to respond to the Complaint  until March18, 2015.  In that correspondence, Mr. Ford indicated that he had been retained to represent GSMI. The extension was granted by Mr. Anthony.  Accordingly, Mr. Ford filed a formal motion with this Court, requesting the extension. [rec. doc. 7]. On February 19, 2015, the Motion was granted and the deadline for filing responsive pleadings was extended through March 18, 2015.  [rec. doc. 8].

When responsive pleadings were not filed by GSMI, on May 19, 2015, GSML requested an entry of default. [rec. doc. 9].  The Clerk entered a default against GSMI on May 20, 2015. [rec. doc. 11].

On July 15, 2015, GSML moved to confirm a default judgment against GSMI. [rec. doc. 12].  That Motion was amended, with leave of Court, on August 18, 2015. [rec. docs. 14, 15 and 16].  Both the original and amended motions were served on GSMI and Mr. Ford by certified mail.  The amended motion was set for consideration by the Court without oral argument on October 23, 2015, [rec. doc. 17]

however, the default was never confirmed and the instant motion to set aside the default and dismiss for failure to timely effect service was filed on January 7, 2016. [rec. doc. 18].

In support of its motion, GSMI submits the affidavit of Julia MacGregor, the President and Chief Executive Officer of GSMI, in which she avers that from April through June of 2014 GSMI's financial position was fairly sound and had funds to retain counsel to defend this lawsuit. However, by early 2015, GSMI's financial position became precarious as a result of a regulatory change which required GSMI to re-write its existing material safety data sheets ("MSDS"), thereby necessitating the hiring of "an entire department of professionals qualified to author the new MSDS documents", significantly increasing its payroll expenses, while delaying projects and collections from customers on these projects. Accordingly, after GSMI was served with this lawsuit in late January 2015, it was not in a position to retain defense counsel, as payment of a retainer would have jeopardized GSMI's ability to keep the business open. In late December 2015, GSMI received a substantial capitol investment, and immediately upon receiving these funds on December 23, 2015, transferred a retainer to counsel to take action to represent it in this lawsuit.

## LAW AND ANALYSIS

**Clerk's Entry of Default**

Under Rule 55(c), FRCP, the Court may set aside an entry of default for "good cause ." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-292 (5th Cir. 2000).  Because of the seriousness of a default judgment and because defaults are generally disfavored in the law, a default judgment "should not be granted on the claim, without more, than that the defendant had failed to meet a procedural time requirement." *Id*. (internal quotations and citations omitted).  "Thus, where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits. " *Id*. at 292 (internal quotations and citations omitted).  Stated differently, because defaults are extreme sanctions reserved for rare occasions, doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default. *Sea Horse Marine, Inc. v. Black Elk Energy Offshore Operations, LLC*, 2015 WL 4079831, *1 (E.D. La. 2015) *citing Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Further, while a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b), the Fifth Circuit has stated that a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment." *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008).

The decision whether or not "good cause" exists in a case is left to the sound discretion of the court. *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985). Under Rule 55(c), "'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Matter of Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992). To determine whether "good cause" to set aside a default exists, a "decision necessarily . . . informed by equitable principles", the Fifth Circuit has found it useful to consider three factors "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292 (citations omitted). Consideration and disposition of all three factors are not required; the test is disjunctive. *Matter of Dierschke,* 975 F.2d at 184. Furthermore, these factors are not exclusive, other factors may also be considered, including whether the defendant acted expeditiously to correct the default. *Lacy*, 227 F.3d at 292 (citations omitted); *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003). All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored. *Sea Horse Marine, Inc.*, 2015 WL 4079831 at *2 *citing Lacy*, 227 F.3d at 292. As such, "the requirement of good cause has generally been interpreted liberally." *Effjohn Int'l*

6

*Cruise Holdings, Inc.*, 346 F.3d at 563 *quoting Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991).

Under the unique facts of this case set forth above, GSMI is not guilty of wilfulness.  To the contrary, the record reveals that counsel for GSML discussed this matter with GSMI's former counsel, Mr. Sladkus, in early July 2014, approximately one week after suit was filed.  Given the possibility of early resolution, to minimize costs, GSML  took no action to advance the suit. However, when communications ceased with counsel for GSMI, in October 2014, only slightly before the time limitation for service of the lawsuit would have expired under Rule 4(m), GSML sent a waiver of service not to former counsel, Mr. Sladkus, but rather to GSMI.

By the time that GSMI was served with the lawsuit in January 2015, after the time limitation for service under Rule 4(m), FRCP expired, GSMI had become unable to retain counsel to defend the lawsuit due to circumstances not within its control.  Further, because GSMI is a corporation, unlike an individual litigant, it could not file responsive pleadings in proper person – under well settled jurisprudence, defense counsel was mandatory.  *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) *citing  Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("a corporation cannot appear in federal court unless represented by a licensed attorney.").

Finally, while it appears that GSMI was able to engage Mr. Ford for the purpose of filing a motion to extend time for filing responsive pleadings, it appears that GSMI's dire financial circumstances did not permit it to pay Mr. Ford's retainer to undertake the full defense of this trademark action, a type of action which customarily demands higher litigation fees.  Under these circumstances, the Court cannot find GSMI's decision not to fully engage counsel and, instead, pay its employees and operating expenses to keep the company afloat and in business, was excusable.

GSMI did not file timely responsive pleadings because it did not have the funds needed to hire an attorney which this Court required it to hire. It does not appear that GSMI was engaging in wilful or evasive conduct, nor does it appear that GSMI was "cho [osing] to play games" with this Court by intentionally failing to act on the litigation. *See  Lacy*, 227 F.3d at 292 *quoting Dierschke*, 975 F.2d at 183.  The first factor cited by the Fifth Circuit therefore weighs in favor of setting aside the entry of default against GSMI.

GSML fails to show that it would be prejudiced by the setting aside of the entry of default in this case.  Moreover, the record does not reveal any potential for unfair prejudice.  "[M]ere delay does not alone constitute prejudice."  *Lacy*, 227 F.3d at 293.  Rather, "the plaintiff must show that the delay will result in the loss of

evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id. citing Berthelsen*, 907 F.2d 617, 621 (5th Cir. 1990). There is no prejudice to a plaintiff where the setting aside of a default merely requires the plaintiff to prove its case, thereby giving the defendant its day in court. *Id*. The second factor cited by the Fifth Circuit likewise weighs in favor of setting aside the entry of default against GSMI.

It additionally appears that GSMI has a meritorious defense in this trademark infringement declaratory judgment action. GSMI has demonstrated that it is the owner of federal trademark registration number 4,655,793 for the mark "Global Safety Management", which constitutes *prima facia* evidence of the validity of the mark. *See Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 237 (5th Cir. 2010); 15 U.S.C. § 1057(b).

GSMI has also presented sufficient facts and evidence, which if proven at trial, would allow a different result than sought to be achieved by GSML by default judgment. *Jenkins & Gilchrist*, 542 F.3d 114, 122 (5th Cir. 2008). More specifically, GSMI has presented sufficient indicia of the likelihood of confusion in the minds of potential customers as a result of the use by both GSMI and GSML of the Global Safety Management mark. *See Amazing Spaces,* 608 F.3d at 235-236 (infringement may be shown by demonstrating a likelihood of confusion); *see also*

*Bd. of Supervisors for Louisiana State Univ. v. Smack Apparel, Co.*, 550 F.3d 465, 478 (5th Cir. 2008).

While the facts and evidence presented by GSMI may not ultimately constitute confusion, in the context of this motion, GSMI need not prove that it will likely succeed on the merits as that is not the applicable standard. *Jenkens*, 542 F.3d at 122; *see also US Green Bldg. Council, Inc. v. Wardell*, 2015 WL 5164068, *3 (N.D. Tex. 2015). All that need be shown at this time is that there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008); *Jenkens*, 542 F.3d at 122. GSMI has made this showing.

Finally, while there was excusable delay by GSMI in filing responsive pleadings after service of this lawsuit, this motion was filed within three weeks after GSMI secured the funds to retain counsel, that time period inclusive of the Christmas and New Years holidays.

For these reasons, it is recommended that the Clerk's entry of default be set aside.

**Untimely Service**

GSMI additionally requests that this action be dismissed without prejudice for lack of timely service. Under Rule 4(m), FRCP, the plaintiff, GSML, had 120 days

from the filing of this lawsuit to effect service on GSMI.[1]  This case was filed on June 26, 2014.  Accordingly, service was due on or before October 24, 2014.  Service was effected on January 30, 2015.  Therefore, service was untimely under Rule 4(m).

Rule 4(m) is not inflexible.  It allows the court to extend the time for service even when a plaintiff fails to show good cause for the delay. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  If good cause is present, the district court must extend the time for service; if good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service. *Id. See also Henderson v. U.S.*, 116 S.Ct 1638, 1643 (1996) (noting that 1993 amendments accorded discretion to the courts to enlarge the 120-day period "even if there is no good cause shown.").  This Court has "traditionally been reluctant to dismiss a case or claim for untimely service absent actual prejudice to the defendant or other compelling reasons to do so."  *Stinson v. Louisiana*, 2007 WL4224227, *1 (W.D. La. 2007) *quoting Sanders v. Wilkinson*, 2007 WL 3046135 (W.D. La.2007).

---

[1] At the time this action was filed, Rule 4(m) provided: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."
The Rule has been amended effective December 1, 2015 to provide a 90 day period for effecting service.

GSMI has not presented reasons justifying dismissal beyond the mere untimeliness, and GSMI has not articulated any prejudice as a result of the brief delay in service.  On the other hand, GSML has demonstrated that it made good faith efforts to amicably resolve this lawsuit immediately after filing, that it attempted to obtain a waiver of service, and that it even granted GSMI an extension of time within which to file responsive pleadings following service.

Further, given the representation of GSMI by counsel before and at the time of the filing of this lawsuit, and then the apparent financial difficulties of GSMI which left it without counsel and unrepresented by no fault of GSML, the efforts undertaken by GSML to accomplish service, although ultimely, were reasonable.  It was reasonable and entirely understandable for GSML's counsel to have anticipated obtaining a waiver of service, without the necessity of formal service, after speaking with then counsel for GSMI about amicable resolution of this  lawsuit.

Under these circumstances, the best exercise of this court's discretion is to extend the time for making service to encompass the time necessary for GSML to make formal service on GSMI, that is, to extend the deadline for service on GSMI through January 30, 2015.   The claims presented in this lawsuit can then proceed to be resolved on the merits.  Issues, if any, related to the service of the defendant, GSMI, may be addressed by responsive pleadings or appropriate Motion.

## CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Set Aside Default [rec. doc. 18] should be **GRANTED. IT IS FURTHER RECOMMENDED** that the Motion to Dismiss [rec. doc. 18] should be **DENIED**, and that GSMI be ordered to file an answer or responsive pleadings to this lawsuit within two weeks of the Court's adoption of this Report and Recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed this 29th day of February, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: 3/1/2016
BY: EFA
TO: RFD

cg